IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MAYA HOGAN,
          **Plaintiff,**

-vs-

STATES RECOVERY SYSTEMS, INC.,
          **Defendant.**

CAUSE NO.:
A-16-CA-01332-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant States Recovery Systems, Inc. (SRS)'s Motion for Summary Judgment [#16], and Plaintiff Maya Hogan's Response [#19] in opposition. Having considered the case file and the applicable law, the Court enters the following opinion and order.

### Background

This is a case for wrongful debt collection. Plaintiff Maya Hogan enrolled in the University of Phoenix (Phoenix) in October 2014. Hogan stopped attending classes at Phoenix in August 2015. Apollo Education Group ("Apollo"), the parent company of Phoenix, contends Hogan owes a balance of $ 917.27 for expenses associated with her enrollment at Phoenix.

Apollo referred this debt to SRS on July 25, 2016. Two days later, on July 27, 2016, SRS requested its vendor send Hogan a letter stating the past due balance of $ 917.27. Mot. Summ. J. [#16] Ex. B (SRS Letter). On October 9, 2016, Plaintiff notified SRS she disputed the debt SRS sought to collect. Mot. Summ. J. [#16] Ex. C (Hogan Letter). Hogan's counsel contacted Phoenix on October 9, 2016 regarding its debt collection efforts. Resp. [#19] Ex. B-1 (Zimmer Letter). In this letter, Hogan's counsel alleged claims of, among others, fraud, misrepresentation,

and breach of contract against Phoenix. *Id.* Phoenix responded by explaining the basis of Hogan's debt, including a full accounting of the balance owed. Mot. Summ. J. [#16] Ex. D (Phoenix Letter).

Hogan filed a lawsuit in Travis County Justice Court, Precinct No. 1 on November 22, 2016. *See* Notice Removal [#1] at 10 (Pet.). Hogan asserts SRS violated the Texas Debt Collection Act (TDCA) and the Fair Debt Collection Practices Act (FDCPA), in addition to using unreasonable debt collection practices. Pet. ¶¶ 19–26. SRS removed the case to this Court on December 22, 2016, invoking the Court's federal subject matter jurisdiction. *See* Notice Removal [#1].

SRS moves for summary judgment on all of Hogan's claims. The motion is fully briefed and now ripe for consideration.

## Analysis

### I. Legal Standard

#### A. Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986);

*Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

II. **Application**

A. **Texas Debt Collection Act Claims**

   1. **TDCA § 392.202**[1]

TDCA § 392.202(a) sets forth requirements for a third-party debt collector when an individual disputes the accuracy of a debt being collected. If a third-party debt collector does not report information related to the dispute to a credit bureau, the collector must "cease collection efforts until an investigation of the dispute described by Subsections (b)-(e) determines the accurate amount of the debt, if any." Tex. Fin. Code Ann. § 392.202(a). However, if the third-party debt collector reports information related to the dispute to a credit bureau, the collector must "initiate an investigation of the dispute," and "cease collection efforts until the investigation determines the accurate amount of the debt, if any." *Id.* A "third-party debt collector who initiates an investigation shall send a written statement to the individual." Tex. Fin. Code Ann. § 392.202(b).

SRS argues it had no obligation under TDCA § 392.202 to conduct an investigation or send a written report to Hogan because it did not report information related to the dispute to a credit bureau. Hogan asserts SRS violated TDCA § 392.202 by failing to conduct an investigation into Hogan's December 9, 2016 dispute and failing to furnish a written response to the same.

The Court agrees SRS was not required to conduct an investigation or send a written report to Hogan under TDCA § 392.202. SRS did not report information related to the dispute to a credit bureau, and therefore was only required to cease collection efforts until an investigation of the debt dispute was performed. SRS complied with this requirement by ceasing all collection efforts in response to Hogan's written dispute. Because SRS did not initiate an investigation,

---

[1] References to TDCA correspond to sections of the Texas Finance Code.

-4-

there was no duty to send Hogan a written statement. *See* Tex. Fin. Code Ann. § 392.202(b). SRS is therefore entitled to summary judgment on this claim as a matter of law.

### 2. TDCA § 392.304(a)(8)

TDCA § 392.304(a)(8) prevents a debt collector from using a fraudulent, deceptive, or misleading representation that employs "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code Ann. § 392.304(a)(8). To constitute a misrepresentation, the statement must be false or misleading. *Reynolds v. Sw. Bell Tel., L.P.*, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006, pet. denied) (citing Black's Law Dictionary).

Hogan asserts SRS violated TDCA § 392.304(a)(8) by falsely representing the status and amount of alleged debt in communication with Hogan. Specifically, Hogan alleges she owed no debt because "UoP breached its contract with Hogan and . . . deceived Hogan into enrolling in" Phoenix. Resp. [#19] at 9. SRS moves for summary judgment, arguing the amount it sought from Hogan is the amount its creditor-client, Phoenix, communicated was owed.

SRS's reliance on Phoenix's accounting of the amount owed does not itself negate liability under TDCA § 392.304(a)(8) if that amount was incorrect. *See Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 933 (N.D. Tex. 2014) ("A collection notice or balance statement misstating the amount owed on a debt constitutes a misleading assertion regarding the amount of that debt under the TDCA."); *see also McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 480–81 (5th Cir. 2015) (holding TDCA § 392.304(a)(8) "contains no intent requirement").

The Court nonetheless finds SRS is entitled to summary judgement. The debt in this case is based in contract between Hogan and Phoenix. *See* Phoenix Letter (referencing and attaching the signed Enrollment Agreement). Hogan's claim under TDCA § 392.304(a)(8) is premised on

allegations of breach of contract and fraud that she contends extinguished her contracted debt to Phoenix. In essence, Hogan seeks to litigate her contract dispute with Phoenix as a TDCA claim against SRS.[2] Texas courts have routinely dismissed TDCA claims based on underlying contract disputes between the parties. *See, e.g., Hammond v. Ocwen Loan Servicing, LLC*, 2014 WL 5326722, at *4 (N.D. Tex. Oct. 20, 2014) (compiling cases barring TDCA claims based on breach of contract because of the economic loss doctrine). Beyond Hogan's contestation of the contract she entered into with Phoenix, there is no evidence SRS made false or misleading in its attempt to collect the debt at issue in this case.

For these reasons, SRS is entitled to summary judgment as a matter of law on this claim.

### 3. Federal Debt Collection Practices Act Claims

As Hogan suggests in her brief, the TDCA and FDCPA largely mirror each other. *See* Resp. [#19] at 3. Hogan relies on the same arguments discussed above to challenge SRS's summary judgment on her FDCPA claims. Because Hogan's arguments are unavailing for the reasons explained above, the Court concludes SRS is entitled to summary judgment on Hogan's FDCPA claims. For purposes of completeness, the Court finds Hogan has failed to present evidence that SRS violated FDCPA §§ 1692f or 1692e(2)(A) as alleged in her petition. *See* Pet. ¶¶ 20–22.

### 4. Unreasonable Debt Collection Practices

SRS moves for summary judgment on Hogan's third cause of action of unreasonable debt collection practices. Specifically, SRS contends its actions do not fall within the "outrageous collection techniques" recognized by Texas courts. Hogan does not offer a rebuttal to SRS's arguments on this claim.

---

[2] Tellingly, Hogan's complaint does not allege independent causes of action for breach of contract or fraud against SRS or Phoenix.

The Court agrees Hogan has failed to present evidence SRS used unreasonable debt collection practices in this case. SRS sent two letters[3] to Hogan attempting to collect debt provided to it by its creditor-client, Phoenix. After receiving Hogan's dispute, SRS ceased all collection efforts. No reasonable jury could conclude from these facts that SRS used outrageous collection techniques, and therefore SRS is entitled to summary judgment on this claim.

## Conclusion

Accordingly:

IT IS ORDERED that Defendant SRS's Motion for Summary Judgment [#16] is GRANTED.

SIGNED this the 27th day of September 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[3] Hogan's petition contends SRS sent two letters to Hogan, on in 2015 and another in 2016. Pet. ¶ 8. SRS only describes one letter in the background section of its motion, but later states it sent two letters. *See* Mot. Summ. J. at 10. Whether SRS sent one or two letters to Hogan does not change the Court's conclusion on this issue.